IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| SAMUEL LEE BRAGG, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| | ) No. 1:12-cv-00080 |
| MARSHALL COUNTY, TN, a county | ) |
| government body operating under the laws | ) Chief Judge Haynes |
| of the State of Tennessee; NORMAN DALTON, | ) |
| Individually and in his official capacity | ) |
| as Sheriff of Marshall County, TN; JOE MOSS, | ) |
| Individually and in his official capacity as a | ) |
| Civil Service Board member; LEON FINLEY, | ) |
| Individually and in his official capacity as a | ) |
| Civil Service Board member; JOHNNY | ) |
| GUFFEE, Individually and in his official | ) |
| capacity as a Civil Service Board member, | ) |
| | ) |
| Defendants. | ) |

## M E M O R A N D U M

Plaintiff, Samuel Lee Bragg, originally filed this action in the Circuit Court of Marshall County, Tennessee, against the Defendants: Marshall County, Tennessee; Norman Dalton, individually and in his official capacity as Sheriff of Marshall County; Joe Moss, Leon Finley, and Johnny Guffee, individually and in their official capacities as members of the Marshall County Civil Service Board ("the Board"). Plaintiff asserts claims under the First and Fourteenth Amendments for Defendants' alleged denial of his right to address his grievances and provide information in his defense to local government officials and state law claims for negligence and negligence per se. Defendant removed this action to this Court under 28 U.S.C. §1331, the federal question statute, without objection.

Before the Court is Defendants' motion for judgment on the pleadings (Docket Entry No. 11), contending, in sum: (1) that Defendants are entitled to qualified immunity, common-law immunity, and statutory immunity; (2) that Plaintiff fails to state a claim under 42 U.S.C. § 1983 claim; (3) that Plaintiff has not alleged that Marshall County had a custom or policy that directly caused his alleged injuries; (4) that Plaintiff fails to plead sufficient facts on his First Amendment claims that these claims involve a matter of public concern; (5) that Plaintiff received due process when although not required by law, the Board heard Plaintiff's appeal; and (6) that Plaintiff's failure to receive a different promotion is not protected under the Fourteenth Amendment.

In response (Docket Entry No. 20), Plaintiff contends that he has sufficiently pled claims under 42 U.S.C. § 1983 and state law on negligence claims and that Defendants are not immune from this action.

For the reasons set forth below, the Court concludes that Defendants' motion for judgment on the pleadings should be granted because Plaintiff's complaint do not satisfy the requirements of applicable federal law. In addition, without a viable federal law claims, the Court declines to exercise its supplemental jurisdiction over Plaintiff's state law claims.

### A. Analysis of the Complaint

Plaintiff, a former deputy with the Marshall County, Tennessee Sheriff's Department, alleges that Defendants changed his and other employees' employment statuses in violation of the County Sheriff's Civil Service Law of 1974, Tenn. Code Ann. 8-8-401 et seq. (Docket Entry No. 1, Attachment thereto, Complaint, at ¶¶ 3, 5) Id. On February 28, 2011, Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC") for age discrimination

for denial of the promotion given to another employee of the Sheriff's office (Docket Entry No. 11, Attachment thereto, Exhibit 2, EEOC Complaint). Plaintiff's EEOC charge alleges, in part:

> On September 01, 2010, Norman Dalton, Sheriff, transferred me from the position of Patrol Captain to Detective effective as of September 5, 2010. That same day, Mr. Dalton appointed Bob Johnson as Lead Detective, leaving the existing position of Lead Detective Captain unfilled. Mr. Dalton stated to us four Detectives that he was going to try to get additional pay [For THE] responsibilities that went with the Detective Captain position, before he filled it. On November 12, 2010, I learned from a newspaper article that Mr. Dalton had appointed Mr. Johnson to the vacant position of Detective Captain. . . .

Id.

On June 1, 2011, Plaintiff filed an administrative complaint with the Marshall County Civil Service Board and requested a hearing. (Docket Entry No. 1-1 at ¶ 7). Plaintiff also requested the names and contact information of the witnesses whom Marshall County intended to call at the hearing. Plaintiff also requested information on the procedure to subpoena his witnesses, as well as "any tangible documents, written statements, documents, tapes or statements," and various employee records under the Tennessee Open Records Act." Id. Plaintiff was unsuccessful in obtaining these materials. Id.

Plaintiff alleges that Defendants scheduled the hearing for June 23, 2011, aware that Plaintiff had a conflicting doctor's appointment and would be unable to attend. Id. at ¶ 8. Plaintiff alleges this setting denied him the opportunity to address his grievances in the forum provided by state law. Id. After filing his EEOC complaint and requesting a hearing with the Marshall County Civil Service Board, Plaintiff alleges that Sheriff Dalton subjected Plaintiff to "an atmosphere of harassment, intimidation and mental abuse." Id. at ¶ 6. Plaintiff was terminated on September 19, 2011. Id.

Plaintiff asserts that Defendants owed Plaintiff "a duty of care" to be trained properly on compliance with the "Civil Service laws adopted by Marshall County Tennessee." Id. at ¶¶ 9-10. According to Plaintiff, Defendants breached that duty and "were negligent in that they knew or should have known that their failure to properly train themselves and comply with state law of the Civil Service Laws [under Tenn. Code Ann. § 8-8-409]." Id. at 7. Plaintiff asserts that the Defendants "were negligent per se because they failed to exercise due care and their duty under the circumstances to prevent injury," and "Defendants acted individually and under color of law to restrain his right of free speech and to peacefully address his grievances to local government officials guaranteed by the 1st and 14th Amendment." Id. at 7-8. Plaintiff also contends that "Defendants denied Plaintiff the right to speak to local officials and address his concerns and provide information in his defense before legal action was taken." Id. at 8. Plaintiff also asserts that he was denied "Due Process of Law since he was denied the opportunity to address his grievances to his local elected officials." Id.

## B. Conclusions of Law

A party may move for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) after the pleadings are closed, but early enough not to delay trial. Fed. R. Civ. P. 12(c). A motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) is analyzed under the same legal standards as a Fed. R. Civ. P. 12(b)(6) motion to dismiss. McGlone v. Bell, 681 F.3d 718, 728 (6th Cir. 2012); Lindsay v. Yates, 498 F.3d 434, 437 n.5 (6th Cir. 2007). When one party moves for judgment on the pleadings, "'all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment.'" Id. (quoting JPMorgan Chase Bank, N.A. v.

4

Winget, 510 F.3d 577, 581 (6th Cir.2007) (internal citations and quotations omitted)). "A motion brought pursuant to Rule 12(c) is appropriately granted 'when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law.'" Tucker v. Middleburg-Legacy Place, 539 F.3d 545, 549 (6th Cir. 2008) (citation and internal citations and quotation marks omitted).

Upon a motion to dismiss, "a civil complaint only survives a motion to dismiss if it 'contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Courie v. Alcoa Wheel & Forged Prods., 577 F.3d 625, 629 (6th Cir. 2009) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)) (citation omitted). The Court must "'construe the complaint in the light most favorable to the plaintiff, accept all its allegations as true, and draw all reasonable inferences in favor of the plaintiff.'" In re Travel Agent Comm'n Antitrust Litig., 583 F.3d 896, 903 (6th Cir. 2009) (citation omitted). However, the Court "'need not accept as true legal conclusions or unwarranted factual inferences . . . and conclusory allegations or legal conclusions masquerading as factual allegations will not suffice.'" Id. at 903 (citations and quotation marks omitted); HDC, LLC v. City of Ann Arbor, 675 F.3d 608, 611 ("When considering a Rule 12(c) motion, this Court "'need not accept as true legal conclusions or unwarranted factual inferences.'") (citations omitted)).

In Ashcroft v. Iqbal, the Supreme Court explained the requirements for sustaining a motion to dismiss under Fed. Rule Civ. Proc. 12(b)(6):

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Court held in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-

harmed-me accusation. Id. at 555 (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." 550 U.S. at 555. Nor does a complaint suffice if it tenders "makes assertion[s]" devoid of "further factual enhancement." Id. at 557.

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Id., at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id., at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Ibid. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" Id., at 557 (brackets omitted).

Two working principles underlie our decision in Twombly. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Id. at 555. . . . Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Id. at 556. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. Iqbal v. Hasty, 490 F.3d 143, 157-58 (2d. Cir. 2007). But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged, but it has not "show[n]", "that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement of relief.

556 U.S. at 677-79.

"'[D]ocuments attached to the pleadings become part of the pleadings and may be considered on a motion to dismiss. In addition, when a document is referred to in the pleadings

and is integral to the claims, it may be considered without converting a motion to dismiss into one for summary judgment.'" Commercial Money Center, Inc. v. Illinois Union Ins. Co., 508 F.3d 327, 335-36 (6th Cir. 2007) (addressing a motion under Fed. R. Civ. P. 12(c)) (citing Fed. R. Civ. P. 10(c) and quoting Jackson v. City of Columbus, 194 F.3d 737, 745 (6th Cir.1999)); see also Nixon v. Wilmington Trust Co., 543 F.3d 354, 357 n.2 (6th Cir.2008) ("a court may consider a document not formally incorporated by reference in a complaint when the complaint refers to the document and the document is central to the claims"); Sira v. Morton, 380 F.3d 57, 67 (2d Cir. 2004) ("A complaint is deemed to include any written instrument attached to it as an exhibit, materials incorporated in it by reference, and documents that, although not incorporated by reference, are 'integral' to the complaint.") (citations omitted).

"In considering a motion for judgment on the pleadings, the court considers the pleadings alone, which consist of the complaint, the answer, and any written instruments attached as exhibits." Huston v. Mittal Steel USA, No. 2:06-CV-552, 2006 WL 2709776, at *1 (S.D. Ohio Sept. 20, 2006); Fed. R. Civ. P. 7(a). "Documents attached to the answer may be considered if they are referred to in plaintiff's complaint and are central to plaintiff's claims." Id. (citing Horsley v. Feldt, 304 F.3d 1125, 1133-1135 (11th Cir.2002)). Courts may also consider matters of public record, orders, items appearing in the record of the case or other materials appropriate for taking judicial notice. Barany–Snyder v. Weiner, 539 F.3d 327, 332 (6th Cir.2008); New England Health Care Employees Pension Fund v. Ernst & Young, LLP, 336 F.3d 495, 501 (6th Cir.2003). Further, "a defendant may introduce certain pertinent documents if the plaintiff fails to do so." Weiner v. Klais and Co., Inc., 108 F.3d 86, 89 (6th Cir. 1997).

Because Plaintiff's affidavit and the affidavit of Jason Williams (Docket Entry No. 22,

attachments 1 and 2) are not part of the pleadings, the Court declines to consider them in deciding Defendants' motion for judgment on the pleadings.

Defendants contend that although Plaintiff asserts violations of his First and Fourteenth Amendment Constitutional rights, these claims must be dismissed because he does not reference 42 U.S.C. § 1983 in his complaint. "A plaintiff must allege a cause of action under 42 U.S.C. § 1983 in order to bring a claim of a constitutional violation of the First or Fourteenth Amendments." Henderson v. Corr. Corp. of Am., 918 F. Supp. 204, 208 (E.D. Tenn. 1996) (citing Azul–Pacifico, Inc. v. City of Los Angeles, 973 F.2d 704, 705 (9th Cir.1992), citing Thomas v. Shipka, 818 F.2d 496, 499 (6th Cir. 1987) (noting that "where a plaintiff states a constitutional claim under 42 U.S.C. § 1983, that statute is the exclusive remedy for the alleged constitutional violation").

For a Section 1983 claim, the conduct complained of must be committed by a person acting under color of state law, and the alleged conduct must deprive a person of rights, privileges, or immunities secured by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327 (1986); 42 U.S.C. § 1983. Plaintiff asserts that Defendants acted "under color of law" in violating Constitutional rights under the First and Fourteenth Amendments. (Docket Entry No. 1, attachment thereto, Complaint, at 8). Moreover, the Defendants elected to remove this action to federal court under 28 U.S.C. §§ 1441 and 1443, citing Plaintiff's claims under 42 U.S.C. § 1983 and this Court's jurisdiction under 28 U.S.C. § 1331, the federal question statute. Although Plaintiff does not specify Section 1983 in his complaint, the Court construes his claims are arising under 42 U.S.C. § 1983. See Ashford v. Cnty. of Saginaw, 2010 WL 4608437, *1 n. 1

(E.D. Mich. Sept. 2, 2010); Murphy v. Humphreys County Juvenile Court, No. 3:08–1122, 2009 WL 3054024, at *4 (M.D. Tenn. Sept. 18, 2009).

As to the adequacy of Plaintiff's claims, the Court notes that in addition to Marshall County, Plaintiff names Defendants Dalton, Moss, Finley, and Guffee in their official capacities, that is, in essence, an action against Marshall County, of which these Defendants are agents. Kentucky v. Graham, 473 U.S. 159, 165-66 (1985). "As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity. It is *not* a suit against the official personally, for the real party in interest is the entity." Id. at 166 (citation omitted) (emphasis in original). Thus, the Court concludes that Plaintiff's claims against Defendants Dalton, Moss, Finley, and Guffee in their official capacities are duplicative and should be dismissed.

Unlike states, counties are persons who may be liable under § 1983 for their illegal acts or those of their employees, but only under certain conditions, where:

> [the employee's] action . . . implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers[;]
>
> . . .
>
> [There is] official municipal policy of some nature[; or]
>
> . . .
>
> [The] execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy . . . .

Monell v. Dept. of Soc. Servs., 436 U.S. 658, 690, 691, 694 (1978). Yet, a county may not be held liable under § 1983 under a theory of *respondeat superior*. Garretson v. City of Madison

Heights, 407 F.3d 789, 795 (6th Cir. 2005); Stemler v. City of Florence, 126 F.3d 856, 865 (6th Cir.1997) ("While a municipality may be held liable under 42 U.S.C. § 1983 for a constitutional violation directly attributable to it, § 1983 does not impose vicarious liability on a municipality for the constitutional torts of its employees."). In actions against local entities, the § 1983 plaintiff "in order to recover, must meet the standards of liability established by Monell." Collins v. City of Detroit, 780 F.2d 583, 584 (6th Cir. 1986) (citing Kentucky v. Graham, 473 U.S. 159, 166 (1985)).

A municipality is subject to liability for "only [those] deprivations [that are] visited pursuant to municipal 'custom' or 'policy'" under § 1983. Okla. City v. Tuttle, 471 U.S. 808, 818 (1985). "'[I]t is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983.'" Garner v. Memphis Police Dep't, 8 F.3d 358, 363 (6th Cir. 1993) (quoting Monell, 436 U.S. at 694). For purposes of § 1983, a "custom" is a legal institution that is permanent and established, but is not authorized by written law. Before a custom can be the basis for a civil rights violation, the local custom must be so "permanent and well settled as to constitute a 'custom or usage' with the force of law." Feliciano v. City of Cleveland, 988 F.2d 649, 655 (6th Cir. 1993) (quoting Monell, 436 U.S. at 691).

As to the quantum of proof required to establish liability of local governmental units under Monell, the plurality opinion of four Justices in Tuttle stated:

> Proof of a single incident of unconstitutional activity is not sufficient to impose liability under Monell, unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy, which policy can be

> attributed to a municipal policymaker. Otherwise the existence of the unconstitutional policy, and its origin, must be separately proved. But where the policy relied upon is not itself unconstitutional, considerably more proof than the single incident will be necessary in every case to establish both the requisite fault on the part of the municipality, and the causal connection between the "policy" and the constitutional deprivation.

Tuttle, 471 U.S. at 823-24 (footnotes omitted).

An isolated act of any employee also does not establish a policy. Sargi v. Kent City Bd. of Educ. 70 F.3d 907, 912 (6th Cir. 1995). Yet, a city or local governmental entity may be held liable in actions brought against its employees in the employee's official capacity when it has notice of the action. Brandon v. Holt, 469 U.S. 464, 471-72 (1985). In a word, "official capacity claims [against municipal employees] are essentially claims against the entity itself." Frost v. Hawkins County Bd. of Educ., 851 F.2d 822, 827 (6th Cir.1988).

"[A] plaintiff must 'identify the policy, connect the policy to the [municipality] itself and show that the particular injury was incurred because of the execution of that policy.'" Garner, 8 F.3d at 364 (quoting Coogan v. City of Wixom, 820 F.2d 170, 176 (6th Cir.1987) (citations omitted)). Thus, a claim against a county requires allegations suggestive of "(1) the existence of an unconstitutional policy, (2) the connection of the policy to the municipality itself, and (3) a causal link between the unconstitutional policy and the particular injury alleged." Robertson v. Johnson County, 896 F. Supp. 673, 682 (E.D. Ky. 1995); accord Foster v. City of Cleveland Heights, 81 F.3d 160, No. 95-3591, 1996 WL 132181, at *1 (6th Cir. March 21, 1996) ("When a § 1983 claim is made against a municipality, two issues must be analyzed: (1) whether the plaintiff's harm was caused by a constitutional violation, and (2) if so, whether the city is responsible for that violation.") (citing Collins v. City of Harker Heights, Tex., 503 U.S. 115,

120 (1992)); see also Hutchison v. Metropolitan Gov't. of Nashville and Davidson County, 685 F. Supp.2d 747, 750–51 (M.D. Tenn.2010) (dismissing plaintiff's Fourth and Fourteenth Amendment claims, district court found that plaintiff's allegations were insufficient to state a claim, noting "In the context of Section 1983 municipal liability, district courts in the Sixth Circuit have interpreted Iqbal's standards strictly.").

Moreover, a prerequisite for county liability is that the governmental employee's predicate acts must have violated the § 1983 plaintiff's federal rights. In City of Los Angeles v. Heller, 475 U.S. 796 (1986), the Supreme Court upheld the dismissal of a city and its police commission stating that: "If a person has suffered no constitutional injury at the hands of the individual police officer, the fact that the departmental regulations might have *authorized* the use of constitutionally excessive force is quite beside the point." Id. at 799 (emphasis in original). In Hancock v. Dodson, 958 F.2d 1367, 1376 (6th Cir. 1992), the Court also observed that "[b]ecause the only city police officer present committed no constitutional violation, the city cannot be liable for failure to train its police officers."

Here, Plaintiff fails to allege specific facts suggestive of a policy or custom of Marshall County that directly caused Plaintiff's alleged injuries under the First and Fourteenth Amendments. Hanner v. City of Dearborn Heights, 450 F. App'x 440, 445-46 (6th Cir. 2011) (affirming dismissal of municipal liability as the plaintiff "failed to allege the existence of a municipal custom or policy that was the moving force behind the alleged deprivation of his constitutional rights."). Moreover, Plaintiff has not alleged that the inadequate training represented a county policy. Plaintiff alleges that Defendants failed to "properly train themselves in the proper compliance of the Civil Service laws adopted by Marshall County." (Docket Entry

No. 1, attachment thereto, Complaint, at ¶ 9). Plaintiff does not allege that Defendants' failure to train was pursuant to an unconstitutional policy or custom of Marshall County.

Plaintiff relies on the alleged violation of the County Sheriff's Civil Service Law of 1974, Tenn. Code Ann. § 8-8-401 et seq. Tennessee Code Annotated § 8-8-418(c) provides Sheriff's employees the right of an appeal only where an employee is suspended for longer than ten days. The suspended employee must request a hearing within ten days of receiving notice of suspension, and upon receiving the request, the Board must set a hearing within thirty days. Based upon the pleadings, Plaintiff learned of his promotion at issue on September 1, 2010, and learned of his colleague's promotion on November 12, 2010, but did not request a hearing until June 1, 2011. Here, Plaintiff was not appealing a suspension and therefore has failed to allege facts that he was entitled to a hearing. Moreover, Plaintiff's hearing request was filed six to nine months after the time required under the Civil Service Law and would have been untimely even if he were entitled to a hearing. Accordingly, the Court concludes that Plaintiff's complaint fails to state federal claims against Marshall County and the individual Defendants.

Plaintiff also asserts state law claims for negligence per se based upon the Defendants' violation of the County Sheriff's Civil Service Law of 1974, Tenn. Code Ann. § 8-8-409, and common law negligence based on Defendants' failure to train adequately themselves in proper compliance with the Sheriff's Civil Service Law. Without a viable federal claim, the Court declines to exercise supplemental jurisdiction over the state law claims. See e.g., Wal-Juice Bar, Inc. v. Elliot, 899 F.2d 1502, 1504 (6th Cir. 1990).

### C. Conclusion

For these reasons, the Court concludes that the Defendants' Motion for Judgment on the

Pleadings (Docket Entry No. 15) should be granted.

An appropriate Order is filed herewith.

**ENTERED** this the 22nd day of October, 2013.

WILLIAM J. HAYNES, JR.
Chief Judge
United States District Judge